# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cr-20067-SHM |
| ) | |
| **ANTONIO DAVIS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER

Defendant Antonio Davis has filed a letter requesting early release from his 96-month federal sentence. (ECF No. 36.) Davis's letter does not cite the law under which he seeks relief. The Court construes Davis's letter as a motion for compassionate release under section 603(b) of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, 5239. For the following reasons, Davis's motion is DENIED.

On November 24, 2015, Davis pled guilty to charges of robbery and unlawful use, carrying, or brandishing of a firearm under 18 U.S.C. §§ 924(c) and 1951. (ECF Nos. 1, 27.) On February 25, 2016, the Court sentenced Davis to 96 months in prison and 3 years of supervised release. (ECF No. 32.) On November 22, 2019, Davis filed his letter requesting early

release "based on the well-being of my mother and . . . my son." (ECF No. 36 at 1.) Davis submits, inter alia, that his mother, who has legal custody of his son, "suffers terribly from multiple illnesses that cause[] her an overwhelming amount of pain and limit[] her ability to care for a growing child." (Id.)

Effective December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a prisoner to file a motion for compassionate release on his own behalf. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. Before the First Step Act, a motion for compassionate release could be brought only by the Director of the Bureau of Prisons (the "BOP"). United States v. York, Nos. 3:11-cr-76, 3:12-cr-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (citing 18 U.S.C. § 3582(c)(1)(A) (2017)). Section 3582(c)(1)(A) now provides that "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," may "reduce the term of imprisonment" if, inter alia, "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) requires a prisoner to exhaust his administrative rights with the BOP before filing a motion for compassionate release with the district court. A BOP Program

2

Statement outlines those administrative rights in detail. See Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP's Program Statement explains that a prisoner seeking compassionate release must first file a request with the prison warden asking the BOP to move for compassionate release on the prisoner's behalf. See id. at 3 (citing 28 C.F.R. § 571.61). If the prison warden denies that request, the prisoner may appeal the denial through the BOP's Administrative Remedy Procedure. See id. at 15 (citing 28 C.F.R. § 571.63).

Davis does not submit any proof that he has exhausted his administrative rights with the BOP. The Court lacks the authority to consider his motion for compassionate release. See, e.g., United States v. Koch, No. 2:01-cr-083, 2019 WL 3837727, at *1 (E.D. Ky. Aug. 14, 2019) (denying motion for compassionate release where it "did not appear that [defendant] ha[d] exhausted his administrative remedies"). Davis's motion is DENIED without prejudice.

So ordered this 18th day of December, 2019.

/s/ *Samuel H. Mays, Jr.*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE